IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON CONTRERAS, | § § | |
| *Plaintiff,* | § § § | SA-24-CV-01115-JKP |
| vs. | § § | |
| CAR MAX AUTO SUPERSTORES, INC., | § § § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution and for failure to follow a court order.

### I.  Background and Analysis

Plaintiff Jason Contreras, proceeding *pro se*, filed this case on September 30, 2024, by filing a motion to proceed *in forma pauperis*. The Court granted the motion on October 15, 2024, but withheld service of process on Defendant pending the Court's review of an ordered More Definite Statement to be filed by November 5, 2024. (Order [#3].) The deadline to file a More Definite Statement has expired, and there has been no further action in this case. The

1

Court's Order for a More Definite Statement warned Plaintiff that a failure to file the More Definite Statement could result in dismissal of this case for want of prosecution.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiff's failure to file the More Definite Statement as ordered, the undersigned will recommend dismissal of this case for want of prosecution and failure to follow a court order.

## II.  Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985);

*Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    SIGNED this 5th day of December, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE